1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**JS-6**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

GLEN ADKINS,

           Petitioner,

        v.

FELICIA PONCE, Warden,

           Respondent.

Case No. CV 20-11264 JLS (MRW)

**ORDER DISMISSING ACTION WITHOUT PREJUDICE**

The Court summarily dismisses Petitioner's unripe habeas action without prejudice.

* * *

1.    Petitioner is a federal prisoner housed in this judicial district. He is serving a lengthy prison term for fraud and money laundering offenses. Petitioner is not projected for release until 2033. (Docket # 6 at 5; www.bop.gov/inmateloc.)

2.    Petitioner filed this habeas corpus action pursuant to 28 U.S.C. § 2241. He wishes to challenge a proposed regulation that the Bureau of

Prisons is in the process of enacting regarding the recently-passed
First Step Act.  The proposed regulation may affect the computation of
credits Petitioner earns under the Act.  Although not entirely clear,
Petitioner seems to dispute the procedures and wording of the proposed
regulation as inconsistent with the statute.  (Docket # 1 at 2-8.)

3.      Petitioner's action is premature.  The proposed regulation has
not been enacted and may not have any impact on the ultimate calculation
of his release from prison.  Consistent with rulings from district courts
around the nation, this Court must dismiss this challenge as unripe.

**The First Step Act**

4.      The First Step Act of 2018 reformed various aspects of the
federal prison system.  Of relevance here, the Act created a system of
"earned time credits" (distinct from the "good time" credit system).  A
prisoner can earn credits toward early release when she or he "successfully
completes evidence-based recidivism reduction programming or productive
activities."  18 U.S.C.A. § 3632(d)(4).

5.      The First Step Act established deadlines for the development
and implementation of its new credit system.  The first key deadline
(July 19, 2019) involved the creation of a "risk and needs assessment
system" to "review each prisoner's recidivism risk level, award earned time
credit as an incentive for participation in recidivism reduction
programming, and 'determine when a prisoner is ready to transfer into
prerelease custody or supervised release in accordance with section 3624.'"
Bottinelli v. Salazar, 929 F.3d 1196, 1197-98 (9th Cir. 2019) (quotation
omitted).  The Attorney General met that deadline.  Id. at 1198.

6.     Second, by January 2020, the BOP was to "complete the initial intake risk and needs assessment of each prisoner," and "begin to expand" programming and incentives.  18 U.S.C. § 3621(h).

7.     Finally, the BOP is to fully implement the earned time credit system so that "every prisoner has the opportunity to participate in and complete" assigned and eligible programming.  The deadline for this implementation is January 15, 2022.  Id.

**First Step Act Proposed Regulations and Petitioner's Challenge**

8.     The BOP published a proposed rule in November 2020, titled "FSA Time Credits."  85 FR 75268-01.  The rule "would codify the procedures for earning, awarding, losing, and restoring time credits earned under the FSA for successful completion of" recidivism reduction programs. (Docket # 6 at 7 (citing the Proposed Rule).)  The proposed rule closed for comments on January 25, 2021.  (Id.)  The regulatory analysis of the proposed rule includes a link to a list of programs that qualify for earned time credit.  That list comprises the "Approved Programs Guide."

9.     The Approved Programs Guide lists "all approved [evidence-based recidivism reduction programming and productive activities], including their descriptions, as well as setting forth the locations at which they are available and the number of hours that can be earned by participating in and completing them."  Beauchamp v. Bradley, No. CV 20-11295 GJS, 2021 U.S. Dist. LEXIS 31472 at *8-9 (C.D. Cal. 2021).

10.     A review of the Federal Register and the Westlaw online database reveals that the BOP has not enacted a final rule on this topic to date.

11.     Broadly read, Petitioner's pleadings suggest that, under the proposed regulations, he is concerned that he may not retroactively qualify for the amount of earned time credits to which Petitioner believes he is entitled.  (Docket # 1 at 2-4.)  That, in turn, could potentially affect the date of Petitioner's future release from custody.  He also challenges aspects of the specific programs identified on the Approved Programs Guide.

**Relevant Law**

12.     A federal court is "limited to deciding 'cases' and 'controversies.'"  Bova v. City of Medford, 564 F.3d 1093, 1095 (9th Cir. 2009) (quoting U.S. Const. Art. III § 2).  Ripeness is a component of the Article III requirement.  Id. at 1096.

13.     "Ripeness is a justiciability doctrine designed to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties."  Nat'l Park Hosp. Ass'n v. Dep't of Interior, 538 U.S. 803, 807-08 (2003) (cleaned up).  "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all."  Texas v. United States, 523 U.S. 296, 300 (1998) (cleaned up).

14.     Whether an administrative action is ripe for judicial review requires a court "to evaluate (1) the fitness of the issues for judicial decision and (2) the hardship to the parties of withholding court consideration."  Nat'l Park Hosp. Ass'n, 538 U.S. at 808.  When challenging a regulation, the "finality" of the administrative action weighs in favor of

1  judicial review.  <u>Abbott Laboratories v. Gardner</u>, 387 U.S. 136, 149-50
2  (1967).

3      **<u>Analysis</u>**

4      15.    Petitioner's claims are not ripe for challenge in court.  The
5  proposed materials that Petitioner challenges (the November 2020
6  proposed rule and the Approved Programs Guide) are just that – proposed.
7  As the government correctly points out, the BOP is "in the midst of the
8  rulemaking process with respect to the time credits under the FSA."
9  (Docket # 6 at 11.)  The final regulation "rests upon contingent future
10 events" as the rule is reviewed and implemented.  <u>Texas</u>, 523 U.S. at 300.
11 As such, the proposed regulations claims are premature and unfit for
12 judicial review.  <u>Abbott Laboratories</u>, 387 U.S. at 149-50; <u>Nat'l Park Hosp.</u>
13 <u>Ass'n</u>, 538 U.S. at 808.

14     16.    Furthermore, the First Step Act allows the BOP until January
15 2022 to phase in the system for establishing programming that is eligible
16 for earned time credits.  18 U.S.C. § 3621(h).  That includes establishing
17 the procedures to administer the program.  Petitioner's challenges to the
18 proposed regulations (designed to codify the procedures for awarding
19 earned time credits) are not ripe for review.  <u>Nat'l Park Hosp. Ass'n</u>, 538
20 U.S. at 808.

21     17.    Numerous federal courts throughout the country that have
22 addressed similar inmate challenges to the proposed rules have uniformly
23 come to the same conclusion – the claims are unripe.  <u>See, e.g.</u>, <u>Cohen v.</u>
24 <u>United States</u>, 2021 WL 1549917 at *3 (S.D.N.Y. April 20, 2021); <u>Hand v.</u>
25 <u>Barr</u>, 2021 WL 392445 at *4 (E.D. Cal. Feb. 4, 2021); <u>Matecki v. Thompson</u>,
26 2021 WL 2457691 at *3 (E.D. Cal. June 16, 2021); <u>Khouanmany v.</u>

27

28

1  Carvajal, 2021 WL 2186218 at *6-7 (N.D. Cal. May 28, 2021); Diaz v. FCI-

2  Ray Brook, 2021 WL 3032694 at *2 (N.D.N.Y. July 19, 2021).[1]

3       18.    The Court concludes that Petitioner's challenge to the BOP's

4  proposed rule is not ripe for judicial review.  Therefore, the present action

5  is DISMISSED without prejudice.

6       IT IS SO ORDERED.

7

8

9  Dated: August 17, 2021

10                              HON. JOSEPHINE L. STATON
                             UNITED STATES DISTRICT JUDGE

11

12  Presented by:

13

14

15

16  HON. MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21      [1]     Like most prisoners bringing similar cases, Petitioner cites to
Goodman v. Ortiz, 2020 WL 5015613 (D.N.J. 2020).  The Goodman Court

22  determined that the prisoner was entitled to immediate earned time credits even
though the phase-in period was ongoing.  Id. at *6.  To reach this conclusion, the

23  court stated that there was "no evidence in the statutory framework for delaying
application of incentives earned by all prisoners during the phase-in" period.  Id.

24      Federal courts have generally declined to adopt the reasoning of

25  Goodman.  They note that the statute "pointedly does not require" awarding
earned time credits before the implementation of to-be-determined regulations.

26  Diaz, 2021 WL 3032694 at *3 (quoting Cohen); Hand, 2021 WL 392445 at *4.
Moreover, the gist of Goodman's challenge was to the existence of the phase-in

27  period for the new risk-and-needs assessment system contained in the statute,
not specific (and unenacted) regulations to administer it.  Goodman, 2020 WL

28  5015613 at *2-3.  Goodman does not impact Petitioner's challenge in the current
action.